# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO C. SUSA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. CV 10-6478 JCG <br><br> **MEMORANDUM OPINION AND ORDER** |

## I.
## INTRODUCTION AND SUMMARY

On September 2, 2010, plaintiff Renato C. Susa ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant"), the Commissioner of the Social Security Administration, seeking review of a denial of disability insurance benefits ("DIB"). [Docket No. 3.]

On March 24, 2011, Defendant filed his answer, along with a certified copy of the administrative record. [Docket Nos. 12, 13.]

In sum, having carefully studied, *inter alia*, the parties' joint stipulation and the administrative record, the Court concludes that, as detailed below, the medical evidence submitted for the first time to the Appeals Council poses no reasonable probability of changing the outcome of the decision of the Administrative Law

Judge ("ALJ"). Thus, the Court affirms the Commissioner's decision denying benefits.

## II.

## **PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was 48 years old on the date of his administrative hearing, has an eighth grade education completed in the Phillipines. (*See* Administrative Record ("AR") at 174, 181-82, 235, 265.)

On February 12, 2007, Plaintiff protectively filed for DIB, alleging that he has been disabled since May 23, 2006 due to back problems, arthritis, ulcers, difficulty sleeping, and emotional stress. (*See* AR at 198, 235, 256, 260.)

On May 30, 2008, Plaintiff, represented by counsel, appeared and testified at a hearing before an ALJ. (*See* AR at 174-96.) The ALJ also heard testimony from Sandra Schneider, a vocational expert ("VE"). (*Id.*) An interpreter was present to assist Plaintiff at the hearing. (*Id.*)

On August 20, 2008, the ALJ denied Plaintiff's request for benefits. (AR at 52-66.) Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff has not engaged in substantial gainful activity since his alleged onset date. (*Id.* at 55.)

At step two, the ALJ found that Plaintiff suffers from severe impairments consisting of "disc disease of the lumbar spine[,] depressive disorder [not otherwise specified,] and alcohol abuse." (AR at 55 (emphasis omitted).)

At step three, the ALJ determined that the evidence did not demonstrate that Plaintiff's impairments, either individually or in combination, meet or medically equaled the severity of any listing set forth in the Social Security regulations.[1/] (AR at 63.)

---

[1/] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

The ALJ then assessed Plaintiff's residual functional capacity[2] ("RFC") and determined that he can perform light work. (AR at 63.) Specifically, the ALJ determined that:

> [Plaintiff] can lift and carry up to 20 pounds occasionally and 10 pounds frequently. He can stand and walk for 6 hours and can sit for 6 hours in an 8-hour workday, with normal breaks. However, he must be permitted to alternate sitting and standing as needed. He is also moderately limited in performing complex tasks and has a moderate limitation on attention and concentration.

(*Id.* (emphasis omitted).)

The ALJ found, at step four, that Plaintiff lacks the ability to perform his past relevant work. (AR at 64.)

At step five, based on Plaintiff's RFC and the VE's testimony, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," including cashier and counter clerk. (AR at 65 (bold omitted).) Thus, the ALJ concluded that Plaintiff was not suffering from a disability as defined by the Act. (*Id.* at 66.)

Plaintiff filed a timely request for review of the ALJ's decision and submitted additional evidence in conjunction with his request for review, which was denied by the Appeals Council. (AR at 1-4, 46.) The ALJ's decision stands as the final decision of the Commissioner.

**III.**

---

[2] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

## STANDARD OF REVIEW

This Court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as amended* Dec. 21, 2001). If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## ISSUE PRESENTED

A single disputed issue is presented here: whether newly submitted evidence, a physical RFC questionnaire completed by treating physician Philip A. Sobol, M.D. ("Dr. Sobol) was properly considered by the Appeals Council. (*See* Joint Stip. at 4-

15, 19.)

## V.

## **DISCUSSION AND ANALYSIS**

A. New Evidence

Plaintiff argues that the Appeals Council did not provide legally sufficient reasons for rejecting the RFC questionnaire form completed by Dr. Sobol and submitted for the first time to the Appeals Council. (Joint Stip. at 4.)

    1. Request for Review by Appeals Council

Social Security regulations provide that where new and material evidence is submitted to the Appeals Council with the request for review, the entire record will be evaluated and review of the ALJ's decision will be granted where the Appeals Council finds that the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record. 20 C.F.R. § 404.970(b). Post-decision evidence considered by the Appeals Council is part of the record on review by this Court. *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir.), *cert. denied*, 519 U.S. 881 (1996).

To be material, the new evidence must bear "directly and substantially on the matter in dispute." *Mayes*, 276 F.3d at 462 (internal quotation marks and citation omitted). Material evidence should relate to the period on or before the date of the ALJ's decision. *See* 20 C.F.R. § 404.970(b). The claimant must also demonstrate a "reasonable possibility" that the new evidence would have changed the disability determination. *Mayes*, 276 F.3d at 462.

    2. The Appeals Council Did Not Err in Denying Review of the ALJ's Decision

The Court concludes that the Appeals Council properly determined that the new evidence did "not provide a basis for changing the [ALJ's] decision," (AR at 2), and finds that Plaintiff fails to show the evidence would have changed the outcome

of the ALJ's decision.[3/]  Three reasons guide this determination.

First, the diagnoses made in the RFC questionnaire are cumulative and were properly considered by the ALJ.  Dr. Sobol repeatedly diagnosed Plaintiff with, *inter alia*, lumbar spine sprain/strain and bilateral wrist tendinitis.  (*See, e.g.,* AR at 68, 71, 80.)  In the newly-submitted form, completed on February 1, 2010, Dr. Sobol restated his diagnoses of "lumbar sprain/strain" and "bilateral wrist/forearm tendinitis."  (*Id.* at 477, 481.)  Prior to Plaintiff's submission of the RFC form and based on his evaluation of the medical evidence, the ALJ found Plaintiff's "disc disease of the lumbar spine" to be severe, but concluded that his tendinitis was not severe, a finding which Plaintiff does not dispute here.  (*See id.* at 55, 64; *see generally* Joint Stip. at 4-15, 19.)

Second, the newly-submitted RFC assessment is not supported by substantial evidence.  In the questionnaire, Dr. Sobol opined that Plaintiff is limited to sitting and/or standing continuously no more than two hours and fifteen minutes at "one time."  (AR at 479.)  Dr. Sobol also found Plaintiff can stand and/or walk less than two hours in an eight-hour work day and sit about two hours in an eight-hour work day.  (*Id.*)  Dr. Sobol indicated that Plaintiff would need to walk for five minutes every twenty minutes "at will" in an eight-hour work day and take between two to six unscheduled breaks during the work day.  (*Id.* at 479-80.)  Further, Dr. Sobol determined that Plaintiff would occasionally be able to lift and/or carry less than

---

[3/]  Contrary to Defendant's argument, (Joint Stip. at 17), the Court need not decide whether there was good cause for Plaintiff's late submission of evidence.  42 U.S.C. § 405(g) deals with review of an ALJ's decision by the district court – *not* by the Appeals Council – and the "good cause" requirement therein specifically addresses the failure to "incorporate [new] evidence into the record *in a prior proceeding*."  The Appeals Council's review in this case was a "prior proceeding," and pursuant to *Ramirez*, 8 F.3d at 1452, Plaintiff's additional evidence became part of the administrative record *before* this case reached federal court.  Thus, this Court may consider it.

pounds, but would never be able to lift and/or carry any object that is ten pounds or heavier. (*Id.* at 480.)

However, Dr. Sobol's RFC assessment is not supported by his own treatment notes. (*See* AR at 68-71, 72-83 (orthopedic evaluation, dated October 9, 2007, reporting "some improvement of [Plaintiff's] low back symptoms with acupuncture" and "patient noted some improvement of his symptoms" subsequent to pain management consultation), 84-90, 462-73 (progress report, dated September 26, 2006, indicating that MRI scan of lumbar spine revealed "mild to moderate degenerative changes of the lumbosacral spine" and noting no "weakness . . . in the major muscles tested in the bilateral upper and lower extremities").)

Accordingly, Plaintiff cannot demonstrate a reasonable possibility that the RFC questionnaire would have changed the ALJ's decision because Dr. Sobol's RFC questionnaire provided only conclusory observations without any supporting clinical findings. (*See* AR at 477-81); *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings); *cf. Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380-81 (9th Cir. 1984) (new evidence is material when it creates a reasonable possibility that the outcome of the case would be different).

Third, the Court finds that the weight of the evidence supports the ALJ's finding that Plaintiff was not suffering from a disability as defined by the Act. (*See, e.g.,* AR at 187-89 (Plaintiff's testimony that he was able to drive to the hearing, is able to perform household chores, such as vacuuming, cooking, cleaning, and grocery shopping, spends most of the day "on the bed watching TV, play[ing] video games," and has about "five [good] days" in a week), 190-94, 413-18 (internal medicine evaluation, dated April 12, 2007, finding Plaintiff's "muscle tone, bulk, and strength are normal" and "upper and lower extremity movements" are "normal"), 468.)

7

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: May 26, 2011

_____
Hon. Jay C. Gandhi
United States Magistrate Judge